UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM FORREST and MELISSA FORREST, | ) ) ) |
| Plaintiffs, | ) ) ) |
| RANDALL SETH CROMPTON, | ) ) ) No. 4:16-mc-00348 JAR |
| Movant, | ) ) ) |
| v. | ) ) |
| 5-HOUR ENERGY, et al., | ) ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This miscellaneous matter is before the Court on Plaintiff Melissa Forrest's Motion to Quash Subpoena. (Doc. No. 1) The motion is fully briefed and ready for disposition.[1] At Plaintiff's request (Doc. No. 9), the Court heard oral argument on the motion on July 29, 2016. By agreement, the Court construes Plaintiff's motion to quash in part as a motion for protective order.

**I.     Background**

The subpoena at issue relates to multidistrict litigation pending in the United States District Court for the Central District of California, *In re: 5-Hour Energy Marketing and Sales Practices Litigation*, Case No. 2:13-ml-02438 PSG (PLA). Mrs. Forrest is not a party in that

---

[1] Defendants filed a Memorandum in Opposition to Plaintiff's Motion on June 22, 2016 (Doc. No. 3); Plaintiff filed a Reply Memorandum on July 5, 2016 (Doc. No. 5); Defendants filed, with leave, a Sur-Reply on July 7, 2016 (Doc. No. 10).

case.[2] The MDL is brought on behalf of a nationwide class defined as "all persons in the United States who purchased a 5-hour ENERGY® product" in addition to several state subclasses of purchasers. (Consolidated First Amended Class Action Complaint, Doc. No. 2-5 at ¶¶ 129-140) Named plaintiffs allege that Defendants have mispresented, falsely advertised, falsely labeled, falsely marketed, and falsely promoted their 5-hour Energy products to the detriment of purchasers in that 5-hour Energy products do not provide five (5) hours of energy. (Id. at ¶¶ 1-8)

On March 22, 2016, William Forrest, a named plaintiff in the MDL, was deposed by counsel for Defendants. On April 11, 2016, his wife Melissa Forrest received a subpoena to testify at a deposition on April 26, 2016 and produce the following documents and communications:

1. All DOCUMENTS that REFER TO or RELATE TO 5-HOUR ENERGY®.
2. All DOCUMENTS that REFER TO or RELATE TO INNOVATION VENTURES.
3. All DOCUMENTS, including all receipts and credit card statements, that reflect any purchases of 5-HOUR ENERGY®.
4. All DOCUMENTS that REFER TO or RELATE TO WILLIAM FORREST'S consumption of 5-HOUR ENERGY.
5. All DOCUMENTS that REFER TO or RELATE TO this ACTION.
6. All COMMUNICATIONS with WILLIAM FORREST that REFER TO or RELATE TO 5-HOUR ENERGY®.
7. All COMMUNICATIONS with WILLIAM FORREST that REFER TO or RELATE TO INNOVATION VENTURES.
8. All COMMUNICATIONS with WILLIAM FORREST that REFER TO or RELATE TO this ACTION.

---

[2] On January 25, 2013, Mrs. Forrest's husband William Forrest filed a consumer class action against Innovation Ventures, LLC d/b/a Living Essentials, LLC, Case No. 4:13-cv-00172-RWS, in the United States District Court for the Eastern District of Missouri which was later consolidated into the multidistrict matter, *In re: 5-Hour Energy Marketing and Sales Practices Litigation*.

9. All COMMUNICATIONS with third parties that REFER TO or RELATE TO 5-HOUR ENERGY®.

10. All COMMUNICATIONS with third parties that REFER TO or RELATE TO INNOVATION VENTURES.

11. All COMMUNICATIONS with third parties that REFER TO or RELATE TO this ACTION.

12. All DOCUMENTS, including but not limited to photographs and recordings, which show or depict WILLIAM FORREST and 5-HOUR ENERGY®.

13. All DOCUMENTS, including but not limited to photographs and recordings, which show or depict WILLIAM FORREST and any energy product.

(Doc. No. 2-1)

Enforcement of the subpoena was subsequently postponed pending a meet and confer between counsel. When Defendants would not withdraw the subpoena, Mrs. Forrest filed the instant motion to quash on the grounds that she is a non-party witness in this matter and that her deposition would result in an undue burden. (Doc. No. 2 at 6-8) She argues that Defendants cannot establish the necessity of her deposition for establishing class-wide issues and instead, are seeking to harass her and her husband for more individualized information despite having had ample opportunity to gather information about her husband from him directly. (Id. at 8-13) Mrs. Forrest further argues the subpoena is procedurally defective because it was not properly noticed or served to all parties in the MDL pursuant to Rule 30(b)(1) and Rule 45(a)(4), and because Defendants failed to seek leave of Court to exceed the total number of depositions allowed in this matter. (Id. at 13-14)

**II. Legal standard**

The federal rules "confer[ ] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required." Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999) (quoting

Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)). Fed. R. Civ. P. 26(c) provides that "for good cause shown, the court ... in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P 45(c) provides that a court shall quash or modify a subpoena if it "subjects a person to undue burden."

"[T]he factors required to be balanced by the trial court in determining the propriety of a subpoena are the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to subpoena." Heat and Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986). "In assessing the burden of complying with a subpoena, a court may consider as one factor that a deponent is not a party." Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc., 813 F.2d 1207, 1210 (Fed. Cir. 1987). A party seeking to quash a subpoena bears the burden of proving that it is unduly burdensome. See Miscellaneous Docket Matter, 197 F.3d at 925.

### III. Discussion

#### A. Relevance/undue burden

Mrs. Forrest first argues she is a non-party witness and that her deposition would result in an undue burden because her testimony is not relevant to the MDL action; her only connection to the MDL is the fact that her husband is a named plaintiff. Because Mr. Forrest has already responded to document requests and interrogatories and been deposed, Mrs. Forrest contends her deposition would be duplicative and subject her to harassment or annoyance. (Doc. No. 2 at 6-8)

Defendants respond that Mrs. Forrest's testimony is relevant to the MDL because her husband has identified her as a material witness to his claims in that litigation. (Doc. No. 3 at 7) Among other things, Mr. Forrest testified that his wife was present several times when he consumed 5-hour ENERGY®, and that he had spoken to her about his experience when drinking

the product. (William Forrest Deposition ("Forrest Depo."), Doc. No. 2-4 at 225:11-226:16) Mr. Forrest also recalled that on one occasion his wife consumed 5-hour ENERGY® with him. (Id. at 51:16-52:21; 59:13-60:11; 60:18-23) Defendants argue they are entitled to explore Mrs. Forrest's personal knowledge and observations regarding 5-hour ENERGY®.

The scope of discovery under a subpoena "must be read in the light of [Fed. R. Civ. P.] 26(b)." StoneEagle Servs., Inc. v. UMB Bank, N.A., No. 4:15-MC-0904-NKL, 2015 WL 2452926, at *3 (W.D. Mo. May 22, 2015) (quoting Heat and Control, 785 F.2d at 1023). Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things[.]" Id. The Court finds Mrs. Forrest's testimony is relevant to the claims and defenses in the underlying MDL action because she has personal knowledge of her husband's purchase and consumption of 5-hour ENERGY®.

Defendants further respond that Mrs. Forrest has not submitted any evidence to show why compliance with the subpoena would be unreasonable or oppressive. (Doc. No. 3 at 9) The subpoena commands her to appear for a deposition less than ten miles from her home and contains thirteen narrowly focused requests for production of documents. Defendants have also offered to limit her deposition to three hours. (Id. at 10)

"The burden of proving that a subpoena is oppressive is on the party moving to quash and is a heavy one." Heat and Control, 785 F.2d at 1025. Mrs. Forrest states she is an airline flight attendant who is constantly traveling across the country for work (see Doc. No. 5 at 4), and that she would spend "numerous hours and resources" preparing for and defending her deposition, as well as producing all of the documents requested in the subpoena (see id. at 5). She has not, however, specified the time or resources necessary to comply or explained how

compliance would actually be burdensome. See Plant Genetic Systems, N.V. v. Northrup King Co., Inc., 6 F. Supp.2d 859, 862 (E.D. Mo. 1998); 9 James Wm. Moore et al., Moore's Federal Practice ¶ 45.51[4] (3d ed. 2009) ("A party objecting to a subpoena on the ground of undue burden generally must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). In light of the foregoing, the Court is not persuaded that Mrs. Forrest would be unduly burdened by complying.

### B. Absent class member

Mrs. Forrest further argues the subpoena should be quashed because she is at most an absent class member and Defendants cannot make a proper showing that her deposition is necessary. (Doc. No. 2 at 8-13) Defendants respond that they never sought Mrs. Forrest's deposition as an absent class member. Moreover, no class has been certified in the MDL action. (Doc. No. 3 at 9) Even if Mrs. Forrest is considered to be an "absent class member," absent class members may be deposed when they have been identified as potential witnesses or have otherwise "injected themselves into the litigation." Padberg v. Dish Network LLC, 2014 WL 1375455, at *1 (W.D. Mo. Apr. 8, 2014)). As discussed above, Mr. Forrest identified his wife as a potential witness with relevant discoverable information regarding his claims. The subpoena will not be quashed on these grounds.

### C. Notice/service

Next, Mrs. Forrest contends Defendants' subpoena was improperly noticed and served and should be quashed. She argues that many of the parties and their counsel did not receive written notice and a copy of the subpoena prior to Defendants serving the subpoena on her as required by Rules 30(b)(1) and 45(a)(4). (Doc. No. 2 at 13-14) Defendants respond that on April 11, 2016, they served notice on the MDL plaintiffs' interim class counsel, and then personally

served Mrs. Forrest with the subpoena on April 12, 2016, in compliance with Rule 45. (Doc. No. 3 at 11) The Court finds that service of notice on interim class counsel, who were appointed by the Central District of California "to act on behalf of a putative class before determining whether to certify the action as a class action," meets the requirements of Rule 45(a)(4) that a notice and copy of the subpoena be served on each party in the case before being served on the individual being subpoenaed.

Relying on Butler v. Biocore Med. Techs., Inc., 348 F.3d 1163, 1173 (10th Cir. 2003), Mrs. Forrest replies that the notice and subpoena served by mail on class counsel the day before she was served was untimely. (Doc. No. 5 at 1-2) Rule 45(a)(4) directs notice to be served on the other parties "before [the subpoena] is served on the person to whom it is directed." Rule 45(a)(4). However, the rule does not specify *how far in advance* of the issuance of a subpoena the notice must be served. In Cotton v. AT & T Operations, Inc., 4:06-cv-438 CAS, 2007 WL 465625, at *1 (E.D. Mo. Feb. 8, 2007), the court found that service on plaintiff's counsel on the same day the subpoena was served on plaintiff met the requirements of Federal Rules 5(b) and 45(b)(1). The court further found that Butler is not controlling in this jurisdiction.

The purpose behind the federal notice requirement is to give opposing counsel the opportunity to object to the subpoena. Cotton, 2007 WL 465625, at *1. As noted by Defendants in their sur-reply, interim class counsel and Mr. Forrest have known for months that Defendants intended to depose Mrs. Forrest, as evidenced by the notice of subpoena and numerous email communications between the Forrests' counsel, interim class counsel and Defendants' counsel. (Doc. No. 10 at 1-2) Here, Mrs. Forrest clearly had sufficient time to object to the subpoena as evidenced by the filing of the instant motion to quash.

In further reply, Mrs. Forrest argues that even if Defendants' notice was timely served, it was still improper because the subpoena noticed and served on interim co-lead counsel was a "Subpoena to Produce Documents, Information, or Objects," while the subpoena served on her was a "Subpoena to Testify at a Deposition in a Civil Action." The place of compliance for the subpoena allegedly served on interim co-lead counsel is listed as counsel's office in Los Angeles, California, while the place of compliance for the subpoena served on Mrs. Forrest is listed as Corporate Square Drive in St. Louis, Missouri. As such, Mrs. Forrest argues the notice and service of the subpoena on interim co-lead counsel was defective. (Doc. No. 5 at 2-3)[3] Defendants do not provide an explanation for the different version of the subpoena. In any event, the Court finds this does not constitute inadequate notice.

Rule 45 does not generally distinguish between subpoenas to give testimony and subpoenas to produce documents or other materials. A subpoena commanding the production or inspection of documents or other materials may issue on its own or in conjunction with a subpoena commanding the person to appear to give testimony. Fed. R. Civ. P. 45(a)(1)(C). Before a party may serve a subpoena requesting the production or inspection of documents, it must give prior notice to all parties in the case. Rule 45(a)(4). The prior notice requirement does not apply when a subpoena commands the person to appear to testify at a depo. In that situation, the notice is supplied by the deposition notice required under Rule 30(b)(1). See Fed. R. Civ. P. 45 Advisory Committee's Note (1991). Here, interim class counsel was given notice, and both versions of the subpoena requested the same documents be produced.

---

[3] Defendants' counsel submitted a declaration in support of their opposition to the motion to quash stating that his office timely served interim co-lead class counsel with notice of issuance of the deposition subpoena to Mrs. Forrest on April 11, 2016. (Declaration of Gerald E. Hawxhurst, Doc. No. 3-4 at ¶ 5) Attached to counsel's declaration is a copy of a "Subpoena to Produce Documents, Information, or Objects," not a subpoena to testify at a deposition. (Doc. No. 3-3)

Lastly, Mrs. Forrest argues the subpoena should be quashed because her deposition would exceed the ten-deposition limit imposed by Rule 30(a)(2)(A)(i). (Doc. No. 2 at 14; Doc. No. 5 at 7) The parties disagree as to the number of depositions taken so far. Nevertheless, with respect to subpoenas served on third parties based on named plaintiff testimony, the parties stipulated that "[t]hose witnesses and/or plaintiffs may seek to quash or narrow those subpoenas." (Stipulation Re: Final Sixty Day Continuance of Pretrial Deadlines, Doc. No. 5-1) In light of the Court's ruling herein, the subpoena will not be quashed on these grounds.

### IV. Conclusion

For these reasons, the Court finds the information sought by Defendants is relevant and that Mrs. Forrest will not be unduly burdened by compliance. At the hearing, the parties agreed that the Court could construe Plaintiff's motion to quash in part as a motion for protective order. The Court will, therefore, allow the subpoena but order the parties to agree to a convenient time and place for Mrs. Forrest's deposition and limit the deposition to one (1) hour. If after the deposition Defendants can show good cause, the Court will consider granting Defendants additional time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Melissa Forrest's Motion to Quash Subpoena construed in part as a motion for protective order [1] is **GRANTED** in accordance with the rulings herein.

Dated this 29th day of July, 2016.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**